UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REZA RAJABI,

       Plaintiff,

v.                                                  Case No. 20-10820

CITY OF YPSILANTI.,

       Defendant.
                                            /

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
FOR A MORE DEFINITE STATEMENT AND ORDERING PLAINTIFF
TO FILE AN AMENDED COMPLAINT OR FACE INVOLUNTARY DISMISSAL**

Pending before the court is Defendant City of Ypsilanti's motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). The parties stipulated to extend the response deadline for this motion until June 30, 2020. (ECF No. 9.) However, the extended response deadline has now passed without pro se Plaintiff Reza Rajabi filing a response or in any way attempting to defend his complaint. Having reviewed the motion and complaint, the court concludes that a hearing is not necessary. E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will grant Defendant's uncontested motion and will order Plaintiff to file an amended complaint or face involuntary dismissal.

**I. DISCUSSION**

Federal Rule of Civil Procedure 12(e) allows for the filing of a motion for a more definite statement and gives the district court the discretion to grant such a motion if the pleading complained of "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Likewise, Federal Rule of Civil Procedure

8(a) establishes the requirements of a complaint. Rule 8 requires that a pleading setting forth a claim for relief contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of such a statement is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The Supreme Court in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007), noted that it is significant that Rule 8(a)(2) requires a "showing" of entitlement to relief, rather than merely a "blanket assertion." *Id.* at 556. A plaintiff must "satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.* The Court held that a "showing that the pleader is entitled to relief" requires the allegation of sufficient facts "to raise a reasonable expectation that discovery will reveal evidence of [entitlement to relief]." *Id.* at 556. In so stating, the Court spoke in terms of "plausibility," rather than mere "conceivability." *Id.* This interpretation of Rule 8 does not require heightened fact pleading of specifics, "but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

Citing *Twombly*, the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), explained that:

> the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of actions will not do." Nor does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Id*. at 1949 (citations omitted). Although Rule 8(a) does not bar the courthouse door to plaintiffs for lack of perfect specificity, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.

2

Federal Rule of Civil Procedure 10 establishes the required form of pleadings, including complaints. A complaint must state each claim in one or more numbered paragraphs, with each paragraph "limited as far as is practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, "each claim founded on a separate transaction or occurrence . . . *must* be stated in a separate count" when doing so would increase the clarity of the complaint. Fed. R. Civ. P. 10(b) (emphasis added). A complaint filed by a pro se litigant is entitled to liberal construction of both the pleadings and the attached filings. *See Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

Defendant asserts that Plaintiff's pro se complaint is vague, confusing, and devoid of sufficient factual details to adequately develop what appears to be claims for illegal searches, racial discrimination, and suppression of speech. (ECF No. 8, PageID.59–60.) Additionally, Defendant highlights Plaintiff's failure to state his purported claims in discrete, numbered counts. Plaintiff did not file a response to this motion by the extended deadline.

Though pro se complaints are entitled to liberal construction *Boswell*, 169 F.3d at 387, the court agrees that the instant complaint does not contain sufficient factual details and clarity to provide Defendant with fair notice of the time, place, and actors involved in the alleged violations as to permit Defendant to "reasonably prepare a response." Fed. R. Civ. P. 12(e). The complaint presents a numbered list of factual allegations but contains no separately enumerated counts as required by Rule 10(b). Fed. R. Civ. P. 10(b). Though difficult to parse, some of these allegations appear to assert claims for illegal searches, suppression of speech, and racial discrimination. However, it is not clear which factual allegations support these claims nor is the

timeframe for the claims apparent from the facts alleged; Plaintiff discusses his interactions with the Ypsilanti police spanning a decade. (ECF No. 2, PageID.10.) Moreover, many of Plaintiff's factual recitations do not present any readily discernable legal claim. For example, Plaintiff alleges that city officials have "mocked and disrespected" him "at different occasions" and that police officers have failed to investigate his complaints regarding his neighbors. (ECF No. 2, PageID.9.) Such allegations present little more than "naked assertions devoid of further factual." *Iqbal*, 129 S. Ct. at 1949 (internal quotation omitted).

To satisfy federal pleading requirements, Plaintiff must organize his complaint in separate counts related to each of his discrete legal causes of action. He must also clearly state which facts support which of his claims. Fed. R. Civ. P. 10(b). As the complaint currently stands, it is not clear which legal claims Plaintiff intends to assert nor is it clear which factual allegations Plaintiff relies on in support of such claims. Additional clarification and factual development are necessary to provide Defendant with the fair notice. Accordingly, the court will grant Defendant's motion and will order Plaintiff to file an amended complaint that comports with the requirements outlined in this opinion. Plaintiff's failure to file an amended complaint by the deadline set forth below will result in the involuntary dismissal of his case.

## II. CONCLUSION

For all of these reasons, and in light of Plaintiff's failure to contest Defendant's motion,

IT IS ORDERED that Defendant's motion for a more definite statement (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff FILE an amended complaint by **August 15, 2020**. The amended complaint should be double spaced. Plaintiff's failure to file an amended complaint complying with the requirements in this opinion will result in the involuntary dismissal of this case. Should Plaintiff fail to file an amended complaint by the deadline, the court will dismiss the case for lack of prosecution. *See* E.D. Mich. LR 41.2.

                                                  s/Robert H. Cleland            /
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 23, 2020, by electronic and/or ordinary mail.

                                                  s/Lisa Wagner            /
                                                  Case Manager and Deputy Clerk
                                                  (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\20-10820.RAJABI.definite.statment.HEK.docx